IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID FRANKLIN WEST, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0230 |
| | § | |
| BRUCE SCOTT, Sheriff, | § | |
| Dallam County, Texas, | § | |
| | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner DAVID FRANKLIN WEST, a Dallam County, Texas pretrial detainee confined at the Randall County Jail, brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reason set out below, petitioner's habeas corpus application should be dismissed for failure to exhaust state court remedies.

### FACTUAL BACKGROUND

Petitioner alleges that on May 12, 2015, he was arrested in Dallam County, Texas and charged with two (2) counts of possession of a controlled substance, and one (1) count of possession of marijuana. Petitioner alleges bail was set at $25,000 and contends such is an excessive bail in violation of the United States Constitution. Petitioner alleges he has been in continuous custody since his arrest because he cannot afford to post bail. Petitioner has not indicated whether either he or an attorney on his behalf has filed a motion to reduce his bail,

whether the trial court has denied such a motion, or whether any such order has been appealed.[1]

Petitioner does aver, however, that he filed a pro se application for state habeas corpus relief alleging, *inter alia*, that his bail was excessive. Petitioner asserts he has not received a response to his pro se habeas application. As of this date, the online docket of the Texas Court of Criminal Appeals does not reflect a habeas corpus proceeding pending in that court under petitioner's name.

## EXHAUSTION OF STATE COURT REMEDIES

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(1),(3). Although the statute does not explicitly require prisoners to exhaust available remedies before bringing a § 2241 petition, the Fifth Circuit has held that prisoners must exhaust available remedies before seeking habeas relief under the statute. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement furthers the principle of comity by allowing the state courts the first opportunity to determine whether the petitioner's constitutional rights have been violated. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

To comply with the exhaustion requirement, a petitioner must fairly present his claim to the appropriate state courts before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must also present his claims to the state court in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346 (1989) (raising the claim in a procedurally

---

[1] Petitioner does appear to argue the assessed bail was subsequently reduced to a personal recognizance (PR) bond but that respondent has refused to honor the PR bond and allow petitioner's release.

incorrect manner does not constitute "fair presentation."). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Nichols v. Walker*, No. 1:12-CV-382, 2014 WL 991492, at *1-3 (E.D. Tex. Mar. 11, 2014).

Petitioner has not demonstrated he has exhausted his available state court remedies by obtaining a final ruling of the Texas Court of Criminal Appeals with regard to the <u>state</u> habeas corpus action he has initiated. The instant habeas corpus application seeking <u>federal</u> habeas corpus relief should be dismissed in order for petitioner to exhaust his state court remedies.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DAVID FRANKLIN WEST be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   13th   day of October 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).